Weaver, J.
I concur in the decision to reverse the judgment of the Court of Appeals and to remand to the circuit court for further proceedings.
I write separately because I continue to disagree with this Court’s adoption in Lee v Macomb Co Bd of Comm’rs, 464 Mich 726; 629 NW2d 900 (2001) of the federal standing requirements from Lujan v Defend *263 ers of Wildlife, 504 US 555; 112 S Ct 2130; 119 L Ed 2d 351 (1992). As I stated in my concurrence in Lee, I would not supplement Michigan’s traditional rules of standing by adopting the federal test.
In this case, plaintiff has standing under Michigan’s traditional rules. This Court stated in House Speaker v State Administrative Bd, 441 Mich 547, 554; 495 NW2d 539 (1993), that “[standing requires a demonstration that the plaintiff’s substantial interest will be detrimentally affected in a manner different from the citizenry at large.” Plaintiff was denied a job for which he was qualified in violation of the prohibition of race-based hiring in Const 1963, art 11, § 5. Plaintiff has thus clearly demonstrated that he has a substantial interest that has been detrimentally affected in a manner different from the citizenry at large.
Markman, J., took no part in the decision of this case.